UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    - v -

OLDAMO FRAZER,

              Defendant.

**OPINION & ORDER**

22-CR-00665 (PMH)

PHILIP M. HALPERN, United States District Judge:

Oldamo Frazer ("Defendant") stands charged in a three-count S1 Superseding Indictment with possession with intent to distribute cocaine base, para-fluorofentanyl, and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C). (Doc. 53). Before the Court is Defendant's motion *in limine* to exclude certain proposed Government exhibits filed on October 20, 2023. (Doc. 50, "Def. Br."). The Government filed its opposition, in accordance with the deadline set by the Court, on November 20, 2023. (Doc. 61, "Gov. Br."). For the foregoing reasons, Defendant's motion *in limine* is DENIED.

Defendant's motion seeks to preclude the following categories of Government exhibits: (1) exhibits arising from the August 5, 2022 car stop and arrest; (2) exhibits mentioning the knife recovered from the August 5, 2022 car stop (Exhibits 20, 313 and 314); (3) exhibits extracted from Defendant's cell phone; and (5) the exhibit described as "Ammo found in kitchen" (Exhibit 15). (*See generally* Def. Br.).[1] The Court addresses each branch *seriatim*.

With respect to the first branch of Defendant's motion, he seeks to preclude all exhibits "stemming from the August 5, 2022 car stop." (Def. Br. at 2). However, the Court previously ruled

---

[1] Defendant also objects to a list of video exhibits on the basis of Federal Rules of Evidence 401, 403, and 404(b), but provides no argument supporting his objections. (Def. Br. at 7-8). Accordingly, to the extent Defendant seeks to preclude the video exhibits identified in his motion, that request is denied.

at the November 6, 2023 final pretrial conference that evidence arising from the August 5, 2022 car stop is admissible. (Gov. Br., Ex. 1 "FPTC Tr." at 16:15-17:18). Accordingly, for the reasons set forth at the November 6, 2023 final pretrial conference, Defendant's motion is denied as to the first branch.

With respect to the second branch, Defendant argues that in the event the Court admits any evidence from the August 5, 2022 car stop, exhibits mentioning the knife that was recovered during the stop (Government Exhibits 20, 313 and 314) should be excluded under Federal Rules of Evidence 401, 403, and 404(b). (Def. Br. at 3). The Government contends that exhibits mentioning the knife are admissible in line with the Court's prior rulings admitting evidence from the August 5, 2022 car stop and of tools of the trade for narcotics dealers. (Gov. Br. at 3-4). The Court already declined to preclude evidence on the basis that it arose from the August 5, 2022 car stop. Additionally, the Court, albeit in the context of ammunition and firearms, previously ruled that "evidence that the defendant possessed tools of the trade for narcotics dealers" is admissible. (FPTC Tr. at 14:6-9). Courts have found knives to be "tools of the trade" for narcotics traffickers. *See United States v. Reyes*, 353 F.3d 148, 154 (2d Cir. 2003). Accordingly, exhibits mentioning the knife recovered during the August 5, 2022 car stop are admissible pursuant to the Court's prior rulings. Defendant's motion is denied as to the second branch.

Regarding the third branch, Defendant seeks to preclude "all cellphone content not directly relevant to the drugs charged in the Indictment," including photographs and screen shots of text messages contained for the most part in Government Exhibits 400 through 472-M. (Def. Br. at 4-7). Defendant specifically seeks to preclude Government Exhibit 404 (1,627 page text message report from July 2021 through October 2022), Government Exhibit 407 (screenshot from June 15, 2022), and Government Exhibit 420 (extraction report from Defendant's cell phone from 2021 and

2022). (*Id*.). The Government states in opposition that it seeks to admit evidence extracted from Defendant's cellphone to show that Defendant was in the business of distributing narcotics in October 2022 and for at least three years prior to his arrest in August 2022. (Gov. Br. at 4). The Government also indicates that Defendant's objection to the volume of cell phone extraction evidence is moot because the parties are "currently engaged in discussions concerning a stipulation . . . which would streamline the trial and obviate the Government's need for many exhibits and certain witnesses." (*Id*. at 5).

As set forth in more detail at the November 6, 2023 conference, the Court ruled that it will permit some evidence of Defendant's involvement in narcotics trafficking during the pertinent three-year period. (FPTC Tr. at 18:5-22). The Court warned, however, that it will not permit cumulative and unnecessary evidence on the subject. (*Id*.). The Court also noted that a video is available which includes Defendant's post-arrest statements regarding his narcotics trafficking operation. (*Id*.; Doc. 21 at 6-7). The Government should consider the availability of such evidence in determining what cellphone extraction evidence is necessary to offer at trial. Accordingly, in line with its prior ruling, the Court finds that some evidence extracted from Defendant's cellphone may be admissible to establish that Defendant was involved in narcotics trafficking in October 2022 and in the three years prior to his arrest. Defendant's motion is denied as to the third branch.

Lastly, Defendant moves to exclude Government Exhibit 15 (physical evidence of the ammunition seized from Defendant's residence) pursuant to Federal Rules of Evidence 401, 403, and 404(b) on the basis that Defendant is not charged with possession of a weapon or ammunition. (Def. Br. at 8). The Government contends that the ammunition evidence is admissible as a tool of the narcotics trade. (Gov't Br. at 6). The Court agrees. As the Court previously ruled that testimony about ammunition is admissible as evidence that Defendant possessed "tools of the

trade," this branch of the motion is denied. (FPTC Tr. at 14:3-15). Physical evidence of ammunition is likewise admissible as "tools of the trade" evidence. Defendant's motion to preclude Exhibit 15 is denied.

**SO ORDERED.**

Dated: White Plains, New York
      November 24, 2023

_____
Philip M. Halpern
United States District Judge